IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID M. BARRETT,

    Plaintiff,

v.                                              Civil Action No. 5:10CV10
                                                                (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Procedural History

The plaintiff, David M. Barrett, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In his application, the plaintiff alleges disability since September 30, 2006 due to a broken right leg and herniated discs.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on May 7, 2009, before Administrative Law Judge ("ALJ") George A. Mills. The plaintiff, represented by counsel, testified on his own behalf, as did Vocational Expert ("VE") Larry Bell. On June 24, 2009, the ALJ issued a decision finding that the plaintiff could perform a range of sedentary work. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The defendant filed a motion for summary judgment and the plaintiff filed a motion for summary judgment and motion for remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). On January 27, 2011, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment and motion for remand be denied, and that this case be dismissed and stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections to the report and recommendation, thus, the plaintiff waived his right to

appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In his motion for summary judgment, the plaintiff first argues that the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence because the judge failed to include any limitations from obstructive sleep apnea or narcolepsy. Alternatively, the plaintiff contends that even if the ALJ's decision is not reversed due to his failure to consider the plaintiff's narcolepsy, the Court should remand this matter to the Commissioner to consider new and material evidence concerning the plaintiff's herniated disc in his back.

The Commissioner contends that the ALJ accounted for the plaintiff's sleep apnea by limiting the plaintiff to sedentary work involving no hazzards. Regarding the plaintiff's narcolepsy claim, the Commissioner argues that the plaintiff's complaint of irresistible bouts of sleep was undermined by the medical evidence, his failure to mention this limitation in his DIB application, and his ability to drive. Finally, the Commissioner states that a letter dated over nine years before the ALJ's decision does not warrant a remand.

Magistrate Judge Kaull issued a report and recommendation, in which he held that because the evidence that the ALJ considered and weighed showed that the plaintiff's narcolepsy did not

significantly limit his ability to do basic work activities, the ALJ's RFC and his finding as to the plaintiff's narcolepsy are supported by substantial evidence. Additionally, the magistrate judge found that the ALJ's decision that the plaintiff's sleep apnea is adequately controlled with the use of a nasal continuous positive airway pressure machine ("CPAP") is supported by substantial evidence. According to the report and recommendation of the magistrate judge, the ALJ's hypothetical question to the VE is sufficient.

The ALJ found that the plaintiff's sleep apnea was a severe impairment, but made no such finding as to narcolepsy. The plaintiff testified that he was often tired at work, but he had never been diagnosed with narcolepsy. The record in this case contains no evidence that the plaintiff's ability to do work activities was limited by narcolepsy, thus, there is not basis for the ALJ to conclude that narcolepsy was a severe impairment.[1]

The plaintiff's sleep study results do contain diagnoses of obstructive sleep apnea, upper airway resistance syndrome, excessive daytime sleepiness, and snoring. Based upon these diagnoses, the plaintiff was instructed to use a CPAP machine, he was advised about diet and weight management as treatment, and he was prescribed Provigil. However, none of the plaintiff's treating physicians limited or restricted his ability to do work due to

---

[1] In fact, the plaintiff's assertion that he fell asleep at work is unsupported by the record.

4

sleep apnea. As noted in his decision, the ALJ considered all of the relevant treatment records for the plaintiff's sleep apnea, finding that it was adequately controlled by the use of the nasal CPAP. Further, the ALJ's hypothetical question to the VE contained limitations for the plaintiff's sleep apnea that were supported by the record.

Regarding the plaintiff's alternative motion to remand pursuant to the sixth sentence of 42 U.S.C. § 405(g), the magistrate judge found that the evidence submitted to the Court by the plaintiff is not new, is not material, and good cause for it not being produced earlier does not exist. Therefore, the magistrate judge recommended that the motion to remand be denied. The evidence submitted by the plaintiff is a letter from Karl C. Boone, D.C. dated March 3, 2000 and containing information about the plaintiff's neck and upper back conditions and arm numbness. In his letter, Dr. Boone opines that the plaintiff's condition would not improve and may deteriorate and that the plaintiff should stretch, walk, and undertake home routines to minimize his pain.

A "[d]istrict court may only order additional evidence to be taken before the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence in a prior proceeding." Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). Evidence is considered new "if it is not duplicative or cumulative" and "material if there is a reasonable possibility that the new

evidence would have changed the outcome." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

In this case, the plaintiff has failed to meet the requirements described above. Dr. Boone's letter, written on March 3, 2000, is not new -- it existed at the time of the ALJ's decision. Further, the letter is not material because Dr. Boone is a chiropractor, and a chiropractor is not an acceptable medical source pursuant to 20 C.F.R. § 416.913. Third, the plaintiff did not establish good cause as to why the letter from Dr. Boone was not submitted prior to the administrative hearing. This Court agrees that the assertion that the evidence was not discovered until the plaintiff obtained new counsel does not constitute good cause.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for DIB is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is GRANTED, the plaintiff's motion for summary judgment and motion for remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   February 22, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE